By the Court.—Curtis, Ch. J.
—It may be true *475 that in a similar action, entitled Durant v. Abendroth (reported in 41 N. Y. Super. Ct. [9 J. & S.] 53), this court held that the defendant Abendroth was a general partner in the firm of Griffith & Wundram, he having claimed to be only a special partner, and that such decision was affirmed by the court of appeals in March, 1877. But if we look beyond the record before us, to determine to what extent the action in which the decision was so made and affirmed was similar to this, or governs this, it will appear that the question was not considered, as to how far the adjudication of the United States district court that the firm of Griffith & Wundram was a limited partnership, and Abendroth, the defendant, was the "special partner, was binding upon these plaintiffs and the other creditors of such firm, who were parties to such proceedings and adjudication.
The chief question raised by the demurrers is whether the proceedings and adjudication in the United States district court, considered as truly stated in the answer, constitute a matter judicially acted upon and decided, by which the plaintiffs are precluded from raising the question as to the status of the defendant Abendroth, in the firm of Griffith & Wundram.
The answer alleges the due institution of proceedings in the United States district court in bankruptcy, under the act of congress of March 2, 1867, and the acts supplementary and amendatory thereto, to which proceedings the plaintiffs were parties, and in which they proved and established this claim now sued upon, and that in these proceedings it was duly adjudged and determined, that George Griffith and George W. Wundram, the bankrupts, were the general partners in the limited partnership of Griffith & Wundram, of which William P; Abendroth, this defendant, was the special partner.
The answer further states that the plaintiffs partici *476 pated in a meeting of the creditors of such special partnership, at which the defendant Abendroth was chosen assignee by and with the plaintiffs’ assent, and that after such adjudication they received a dividend out of the proceeds of the assigned estate of Griffith & Wundram.
It would thus appear that the plaintiffs were parties to these proceedings, in which it was competent for them to have had the defendant Abendroth adjudged a general partner, if they had interposed such a claim, and established it by proof. But it appears that they did not do so, for reasons, if any, not apparent in the pleadings. They did, however, participate in the fruits of the adjudication in bankruptcy.
By this adjudication the defendant Abendroth was held to be a special partner, and hence in the position which the State law declares, of not being liable for the debts of the partnership beyond the sum contributed by him as capital. The adjudication that the firm of Griffith & Wundram was a limited partnership, limited the plaintiffs, and other creditors, who were parties to the proceedings, to a remedy against the sum contributed as capital to the firm, as far as the defendant Abendroth is concerned. If they deem themselves entitled to anything more, or that such adjudication was not in accordance with the proofs, they should have availed themselves of the relief and of the means of review afforded them by the acts of Congress affecting proceedings in bankruptcy, and not wait and participate as far as possible in benefits afforded them by the-determination of the federal court, and then.resort to a State court, upon the theory that the former erred in passing upon the character of the partnership.
This adjudication appears to embrace all the elements, to sustain the defense of res adjudícala. The court was of competent jurisdiction. The parties were before it to have their respective rights determined. *477 They were actors in the proceedings, and actors and participants in the administration and disposition of the property and assets, affected by its judicial decision. The same question sought to be raised anew in this action, was there determined. Under such circumstances, it would be inconsistent with well-settled rules, that the parties or their privies should again be allowed to litigate a subject matter which was, or even which could have been determined, in the proceedings in the United States district court.
It is enough that the facts pleaded in the third defense are sufficient to confer jurisdiction upon the United States district court, and it is not for us to consider, on this appeal, whether in point of fact the plaintiffs can, as they claim, show that this defendant was a third general partner, neither petitioner nor petitioned against, and that consequently there was no sufficient jurisdiction conferred upon the court. We cannot look beyond the sufficiency of the allegations of the defense as stated in the answer.
In reference to the fourth defense, setting forth that John Griffith and George W. Wundram, were sued for the same cause of action as in the present suit, and that the same is now stayed by order of the United States district court, the same principle must govern. The act of congress authorizes this stay. It is a part of the proceedings in bankruptcy. Under it the assets of the firm, including the capital contributed by the defendant Abendroth, were held and protected for the benefit of the creditors of the firm. The plaintiffs, having been parties to the adjudication confirming such stay, and participants in the subject matter of the proceedings, are precluded from maintaining an action for the same cause, and against parties who are held to be the same parties under the adjudication which binds the plaintiffs.
The application for relief or for a remedy on the *478 part of the plaintiffs, should be directed to the federal court, and on the basis of "the proceedings there already had. To nullify this stay would be, in effect, to hold that the matters pleaded in the defendant’s third defense were insufficient, and would tend to open the State courts to the review of questions collaterally, that by proceedings under the bankrupt laws have been determined and put at rest in the federal courts.
The suit in the court of common pleas originally" operated as to the defendant, Abendroth, to the extent of his capital in the firm of Griffith & Wundram. The present suit can extend no further, if it is governed by the existing adjudication. The maintenance of the former suit being prohibited by law, to hold that by bringing a new suit for the same cause of action, the effect of the existing adjudication can be avoided, would be to sustain an evasion of the bankruptcy laws and of the just and competent adjudication in this respect rendered thereunder.
The question as to the costs of the motion was properly determined in the discretion of the court at special term. So much of the interlocutory judgment appealed from other than that directing the payment to the plaintiff of $10 costs of motion is reversed with costs.
Freedman, J., concurred.